IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TYROME HARRIS, SR. <br> ADC # 121901 <br><br> Plaintiff, <br><br> v. <br><br> TALLY, Sergeant, Pulaski County <br> Detention Facility; *et al.* <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | No. 4:15CV00092-JJV |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Tyrome Harris, Sr. ("Plaintiff") filed this action alleging Defendants Krystle Talley, Charles Allen, and George Clarke[1] used excessive force against him during his incarceration at the Pulaski County Regional Detention Facility ("PCRDF"). (Doc. No. 25 at 4-5.)  Now, Defendants have filed a Motion for Summary Judgment (Doc. No. 42) and Plaintiff has responded. (Doc. No. 47).

**II.  BACKGROUND**

The parties agree that, on November 17, 2014, Plaintiff was using a phone in R-Unit of the PCRDF. (Doc. No. 25 at 4; Doc. No. 44 ¶¶ 1-3.)  The parties also agree Plaintiff's call was disconnected due to a unit lockdown for pill call. (*Id.*)  Here, the accounts diverge.

Plaintiff alleges he began to make his way back to his cell, only to be stopped by Allen and Talley; the latter ordered him to pull up his pants and tuck in his shirt. (Doc. No. 25 at 4.)  He claims he tried to explain his appearance was due to the ill-fit of his issued clothing and asked to be issued new clothes. (*Id.*)  Plaintiff alleges Defendant Talley refused these requests and ordered him to his

---

[1] These Defendants are listed on the docket simply as "Tally", "Allen", and "Clark."  I will direct the Clerk of Court to alter the docket to reflect their full names.

1

cell. (*Id*.)

By contrast, Defendants claim Plaintiff became hostile after his phone call was cut short, going so far as to state "deputies get their heads knocked off for doing things like that." (Doc. No. 44 ¶ 4.) They state he initially refused lockdown and went into another inmate's cell. (*Id*. ¶¶ 5-6.) After Defendants confronted him, Plaintiff began walking to his cell and pulled up his shirt to expose his buttocks to the officers. (*Id*. ¶ 9.) Defendants Allen and Talley then secured Plaintiff in his cell. (*Id*. ¶ 11.)

After Plaintiff had been secured in his cell, the parties agree it was necessary to escort him to the nurse's station to receive medication. (Doc. No. 25 at 5; Doc. No. 44 ¶ 14.) Plaintiff states, after being removed from his cell, Defendant Talley demanded to know where he was going. (Doc. No. 25 at 5.) He claims he informed her about his medication and again asked about obtaining better fitting pants. (*Id*.) Plaintiff claims she became agitated and ordered him to pack his property. (*Id*.) Defendants' narrative differs. They contend Plaintiff was escorted from his cell by Defendants Allen and Talley. (Doc. No. 44 ¶ 14.) After receiving his medication, they state Plaintiff again exposed his buttocks to the officers. (*Id*. ¶ 15.) Plaintiff refused orders to pull his pants up and Defendant Talley ordered him to gather his things for a move to administrative segregation. (*Id*. ¶ 17-18.)

While packing his things, Plaintiff alleges Defendants Allen and Talley attacked him without provocation. (Doc. No. 25 at 5.) He claims Defendant Clark then rushed into the cell and deployed pepper spray against him. (*Id*.) Defendants' version of events differs. They state Plaintiff was intentionally slow to gather his belongings. (Doc. No. 44 ¶ 20.) Defendant Allen twice instructed Plaintiff to gather his belongings, but Plaintiff refused. (*Id*. ¶ 21.) Eventually Defendant Allen attempted to guide Plaintiff out of the cell by taking hold of his right bicep. (*Id*. ¶ 23.) Plaintiff then threw an elbow at the officers and force - including pepper spray - was used to restrain him. (*Id*. ¶¶

2

24-30.)

### III.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV.  ANALYSIS

Defendants advance two arguments in support of their Motion.  First, they argue Plaintiff's official capacity claims fail as a matter of law.  Second, they argue they are entitled to qualified immunity. I agree with Defendants' first argument and Plaintiff's official capacity claims will be dismissed.  I find, however, that a genuine dispute of fact remains about the reasonableness of the force used by Defendants.  Accordingly, for the reasons stated hereafter, Defendants' Motion will

be granted in part and denied in part.

### A. Official Capacity Claims

Defendants were, at all times relevant to this lawsuit, employees of Pulaski County. Accordingly, any official capacity claim against them proceeds against the county itself. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998). Pulaski County may only be held liable under section 1983 if the alleged deprivation suffered by Plaintiff was the result of some policy or custom implemented by the county. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff has not identified any unconstitutional policies or practices which caused his alleged injury and his official capacity claims will be dismissed.

### B. Qualified Immunity

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were

unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Here, Defendants assert their use of force was reasonable in light of Plaintiff's refusal to comply with their orders and his attempt to physically assault them. Under this version of events, there is little doubt they would be entitled to qualified immunity. But the events giving rise to the use of force are disputed. Plaintiff alleges he was in the process of complying with Defendants' orders when they attacked him without provocation. (Doc. No. 25 at 5.) This factual disagreement precludes summary judgment at this time. In reaching this conclusion, I do not disregard the affidavits and incident reports presented by Defendants lightly. (Doc. Nos. 44-1, 44-2.) Nevertheless, in order to grant summary judgment I would have to conclude that no reasonable jury could return a verdict for Plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (holding that, on summary judgment, the court should resolve all controversies in favor of the non-moving party.).

Qualified immunity is also unwarranted under the second prong. It is clearly established "that force may be justified to make an inmate comply with a lawful prison regulation or order, but only if the inmate's noncompliance also poses a threat to other persons or to prison security." *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002). It is disputed whether Plaintiff posed a threat to the Defendants or prison security, however. Accepting Plaintiff's version of events as true, I conclude

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

a reasonable officer would have known that an unprovoked use of force was unlawful. *Id*. (holding it is "clearly established that correctional officers do not have a blank check to use force whenever a prisoner is being difficult.").

## V. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Clerk of Court shall alter the docket to reflect that Defendant "Tally" is "Krystle Talley"; Defendant "Clark" is "George Clarke"; and "Allen" is "Charles Allen."

2. Defendants' Motion for Summary Judgment (Doc. No. 42) is GRANTED in part and DENIED in part;

   A. Plaintiff's official capacity claims are DISMISSED with prejudice.

   B. The Motion is denied in all other respects.

IT IS SO ORDERED this 15th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE